**Deny and Opinion Filed July 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00937-CV

### IN RE HAIJUN ZHU, Relator

Original Proceeding from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-14-08308

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

Relator filed this petition for writ of mandamus arguing the trial court abused its discretion in failing to grant his motion to dismiss the de novo hearing request of real party in interest.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004); *Walker,* 827 S.W.2d at 839. Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Id.* "Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are

unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *In re Prudential Ins. Co.,* 148 S.W.3d at 136. An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus. *In re Ford Motor Co.,* 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

Because relator has failed to establish his right to mandamus relief, we **DENY** the petition for writ of mandamus. TEX. R. APP. P. 52.8(a).

140937F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE